UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE FOWKES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, and DOES 1 to 100,<br><br>　　　　　Defendants. | No. 2:15-cv-00546-KJM-CKD<br><br><br>ORDER |

　　　　Plaintiff Yvonne Fowkes filed this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. on March 11, 2015 (ECF No. 1) and now requests permission to proceed *in forma pauperis* (IFP) (ECF No. 2). As explained below, the court GRANTS plaintiff's request.

I.　　DISCUSSION

　　　　A party instituting a civil action in a United States district court, except for an application for a writ of habeas corpus, must pay a filing fee of $400.00. 28 U.S.C. § 1914. If a party, however, is granted leave to proceed *in forma pauperis*, an action may proceed without prepaying the entire fee. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To qualify for IFP status, a party need not show that he or she is entirely destitute. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). Yet, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either

1

frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

Here, plaintiff is entitled to IFP status. In the application to proceed without prepayment of fees and affidavit, form number AO 240, plaintiff, under penalty of perjury, states he is unemployed; has not received any money in the past twelve months; and owns only a mobile home. (ECF No. 2) Accordingly, based on these circumstances, the court finds plaintiff qualifies for IFP status.

II.     CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Plaintiff's motion to proceed *in forma pauperis* is GRANTED.
2. Service is appropriate for the named defendant.
3. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4.
4. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process, and <u>shall file a statement with the court that said documents have been submitted to the United States Marshal</u>. The court anticipates that, to effect service, the U.S. Marshal will require at least:
   a. One completed summons for each defendant;
   b. One completed USM-285 form for each defendant;
   c. One copy of the endorsed filed complaint for each defendant, with an extra copy for the U.S. Marshal;
   d. One copy of this court's status order for each defendant; and
   e. One copy of the instant order for each defendant.

/////

/////

5. In the event the U.S. Marshal is unable, for any reason whatsoever, to effectuate service on any defendant within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

6. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, CA, 95814, Tel. No. (916) 930-2030.

IT IS SO ORDERED

DATED: March 18, 2015.

_____
UNITED STATES DISTRICT JUDGE

5