UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE FOWKES,<br><br>     Plaintiff,<br><br>    v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, and DOES 1 to 100,<br><br>     Defendants. | No.  2:15-cv-00546-KJM-CKD<br><br><br>ORDER |

Defendant Metropolitan Life Insurance Company requests to file the administrative record under seal in support of its cross-motion for judgment, or alternatively, to allow the parties to submit amended trial briefs citing to the redacted documents from the administrative record that plaintiff Yvonne Fowkes previously attached to her complaint.  ECF No. 21; *see* Compl., ECF No. 1.  Defendant's requests are unopposed.  As explained below, the court DENIES defendant's request to seal but GRANTS defendant's request for the submission of amended trial briefs citing to the redacted documents.

I.     LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978).  While "the right to inspect and copy judicial records is not absolute,"

1

access in civil cases is properly denied for clearly justifiable reasons: to protect against "gratif[ication of] private spite or promot[ion of] public scandal," or to preclude court dockets from becoming "reservoirs of libelous statements," or "sources of business information that might harm a litigant's competitive standing." *Id.* at 598 (citations omitted).  As the Ninth Circuit instructs, a "strong presumption in favor of access" to the record governs in a court of law unless the case or a part of it qualifies for one of the relatively few exceptions "traditionally kept secret," with secrecy allowed for good reasons.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy."  *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1136).  The compelling-reasons standard applies even if contents of the dispositive motion or its attachments have previously been filed under seal or are covered by a generalized protective order, including a discovery phase protective order.  *See Foltz*, 331 F.3d at 1136.

The Eastern District of California has adopted rules to clarify procedures for parties' compliance with the law reviewed above.  Local Rule 141 provides that documents may be sealed only by a written order of the court after a particularized request to seal has been made.  E.D. Cal. L.R. 141(a).  A mere request to seal is not enough under the local rules.  Local Rule 141(b) expressly requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information."  The court's Standing Order, available on its web page, emphasizes the requirement that parties comply with the law and the rules in making any sealing request, which they should do lightly and only rarely if at all.  *See* ECF No. 5-1 at 6.

II.     DISCUSSION

Defendant requests to file under seal the administrative record pertaining to plaintiff's claim for long-term disability benefits under the subject employee welfare benefit plan, because there are 2,146 pages of documents in the administrative record, and the majority of the

pages "contain personal and private information relating to Plaintiff, including numerous references to her personal data identifiers, such as her Social Security Number, date of birth and home address, as well as financial information." ECF No. 21 at 2. "Given the size of the Record and the substantial amount of private and personal information contained therein," defendant contends "it would be extremely burdensome to provide the Court with redacted documents." *Id.* Moreover, plaintiff attached redacted copies of the pertinent documents to the complaint, and, defendant argues, "requir[ing] MetLife to provide the Court with another redacted copy would be an unnecessary expenditure of time and resources and would cause MetLife to incur not insubstantial fees for attorney and paralegal time." *Id.*

The court finds defendant has not met the requirements for sealing provided by the Local Rules and the Ninth Circuit. Specifically, defendant has not met the high standard of articulating "compelling reasons" for sealing documents relied upon in a dispositive motion, *see Kamakana*, 447 F.3d at 1178, and has not set forth the statutory or other authority for sealing in these circumstances, as required by Local Rule 141(b).

However, the court finds defendant has articulated "compelling reasons" for allowing the parties to cite to the redacted documents attached to the complaint. The court finds redaction better protects the public's right to access judicial records here than would sealing the entire administrative record. The information redacted from those documents appears to be limited to private and personal health and financial information and references to plaintiff's personal data identifiers. Accordingly, the redactions are narrowly tailored to protect plaintiff's private information. *Cf. Pension Plan for Pension Trust Fund for Operating Eng'rs v. Giacalone Elec. Servs., Inc*, No. 13-02338, 2015 WL 3956143, at *10 (N.D. Cal. June 29, 2015) (allowing parties to redact personal identifying information and private information regarding non-parties from documents attached to dispositive motions in ERISA action).

III. CONCLUSION

For the foregoing reasons, the court DENIES defendant's request to file the administrative record under seal. However, the court GRANTS defendant's request to allow the parties to submit amended trial briefs citing to the redacted documents attached to the complaint.

3

The parties shall submit amended trial briefs within fourteen (14) days of the date this order is filed.

        IT IS SO ORDERED.

DATED: May 10, 2016.

_____
UNITED STATES DISTRICT JUDGE